IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **PABLO TORRES,** | ) |
| | ) |
| **Plaintiff,** | ) |
| vs. | ) |
| | ) Case No. 3:24-CV-300-MAB |
| **DYLAN WILLIS, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is before the Court on Plaintiff Pablo Torres' Motion to Maintain Case Under Seal (Doc. 75). For the reasons discussed below, Plaintiff's Motion to Maintain Case Under Seal is DENIED (Doc. 75) and the Clerk of Court is directed to unseal this case.

Initially, this case was permitted to proceed under seal because the Court found it prudent to defer ruling on Plaintiff's Motion for Leave to File Under Pseudonym until Defendants were served, appeared, and had an opportunity to respond to Plaintiff's motion (*see* Doc. 8 at pp. 20-21). Thereafter, the Court granted in part Plaintiff's Motion for Leave to File Under Pseudonym, finding that the case would remain under seal while the John Doe Defendants were being identified (Doc. 33 at p. 7). The Court further specified that, "[o]nce the John Doe defendants have been identified and served, Plaintiff must file a **NEW** motion to proceed under pseudonym with an update on his present risks and need to use a pseudonym. At that time, defendants will be able to respond, and the Court will consider whether to un-seal the case or to change Plaintiff's name to a pseudonym." (*Id.*) (emphasis in original).

Consequently, after all the John Doe Defendants had been identified and answered, Plaintiff was ordered to file a renewed motion that explained why his current situation justified the precautions of sealing and/or proceeding under a pseudonym (Doc. 74). Plaintiff timely filed the instant Motion to Maintain Case Under Seal on September 22, 2025 (Doc. 75). Defendants filed a Response in Opposition on October 3, 2025 (Doc. 76).

As specified in the Court's prior Order (Doc. 74), there is a strong presumption in the Seventh Circuit to have open judicial proceedings. *Doe v. Village of Deerfield*, 819 F.3d 372, 377 (7th Cir. 2016). Although there are certain instances in which redactions or sealing certain documents may be appropriate, sealing an entire case from the public domain rises to an entirely different level. *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348-49 (7th Cir. 2006) ("Redacting portions of opinions is one thing, *secret disposition is quite another*. We have insisted that litigation be conducted in public to the maximum extent consistent with respecting trade secrets, the identities of undercover agents, and other facts that should be held in confidence.") (emphasis added). In fact, the Seventh Circuit has made its thoughts regarding sealed opinions abundantly clear, stating, "We hope never to encounter another sealed opinion." *Id.* at 349. *See also Mitze v. Saul*, 968 F.3d 689, 692 (7th Cir. 2020) ("Even in cases involving substantial countervailing privacy interests such as state secrets, trade secrets, and attorney-client privilege, courts have opted for redacting instead of sealing the order or opinion.").

Here, Plaintiff provides two related reasons for maintaining this case under seal – neither of which the Court finds compelling. First, Plaintiff contends that he faces the risk

of retaliation from IDOC employees for having sued other IDOC employees (Doc. 75 at p. 2). The Court will not belabor the point here, Plaintiff has not pointed to a specific threat of harm or retaliation from IDOC employees. Frankly, without such an assertion, nothing separates this lawsuit from any other suit wherein an inmate brings claims against prison officials. Accordingly, Plaintiff's unsupported fears of staff retaliation do not outweigh the presumption "that he must proceed under his own name and the Court's records must remain publicly accessible." *Morgan v. Indiana Dep't of Correction*, 2:24-CV-00336-JPH-MKK, 2024 WL 3757137, at *1 (S.D. Ind. Aug. 12, 2024).

Plaintiff's second proffered explanation for seeking leave to maintain this case under seal is that he was previously targeted and assaulted by rival gang members for events underlying this lawsuit (*see* Doc. 75 at pp. 2-3). And even though Plaintiff was eventually transferred to a different facility, those individuals previously acted upon those threats and made it known that they could find him (*Id.*). While the Court understands this is not an ideal situation for Plaintiff, he simply has not demonstrated any ongoing risk of danger that would warrant continuing to maintain this entire action under seal. *Mitze*, 968 F.3d 689, 692 (7th Cir. 2020) ("Under the current standard, a plaintiff wishing to proceed anonymously must rebut the presumption that parties' identities are public information by showing that her need for anonymity outweighs the harm of concealment."). For one, as Plaintiff concedes, he has been transferred to a different facility and no longer resides at the facility where he was allegedly threatened and attacked by rival gang members (Doc. 75 at p. 1). Moreover, his motion provides no examples of tangible threats of harm or actual harm that he has suffered since his transfer

(*see generally Id.*). *See Mikhail v. Manchester Univ., Inc.*, 1:17-CV-269-HAB, 2022 WL 872731, at *2 (N.D. Ind. Mar. 24, 2022) (Denying a motion to seal the entire case and explaining that "Courts faced with these types of requests hold litigants to a high standard," including showing "extraordinary circumstances."). Likewise, Plaintiff has not established that he has attempted to utilize, or currently is utilizing, other prison safety mechanisms (such as protective custody or "keep separate from" orders) but they have proven inadequate (*see* Doc. 76 at pp. 3-4). It is also noteworthy that Plaintiff's motion has not cited a single, factually analogous case wherein the entire case was permitted to proceed under seal (*see generally* Doc. 75). The Court's own research has equally failed to identify such a case.

Furthermore, from a practical perspective, the Court struggles to see how maintaining this case under seal provides any actual safety benefit to Plaintiff. For one, as his motion alleges, he has already been told that rival gang members are "monitoring his movements." (Doc. 75 at p. 3). And although this action has proceeded entirely under seal to date, Plaintiff does not allege that his name was not previously known to those individuals.[1] This is significant because Plaintiff's location is currently available to the public on the Illinois Department of Corrections Inmate Locator. *See Prude v. Dixon*, 23-CV-1233, 2024 WL 4581292, at *1 (E.D. Wis. Oct. 24, 2024) ("[S]ealing the case would not alleviate Prude's concern that the other prisoners mentioned in his case could label him a 'snitch'" because other public records also detailed the inmate assault at issue.). In other

---

[1] To the contrary, Plaintiff's allegation that a different gang member who was transferred to his prior facility approached him to issue a threat demonstrates that Plaintiff is already known to those individuals (*see* Doc. 75 at pp. 2-3).

words, not only has Plaintiff failed to demonstrate exceptional circumstances that would justify maintaining this case under seal, but his motion also fails to explain how proceeding under seal provides any practical benefit to Plaintiff when the information he seeks to protect is already known and/or publicly available. Given these failures, the Court concludes that Plaintiff's motion does not overcome "the strong presumption favoring public access and openness of the judiciary." *Mikhail*, 2022 WL 872731 at *2. Consequently, Plaintiff's Motion to Maintain Case Under Seal is DENIED (Doc. 75).

The Clerk of the Court is **DIRECTED** to **UNSEAL** this case and all of the filings made in this case that have been placed under seal. The Court will enter an initial scheduling order and set a status conference with the parties at a later date to discuss this case's status.

**IT IS SO ORDERED.**

**DATED: January 28, 2026**

s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**